Filed 12/12/13  Phan v. Nguyen CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PHIEU PHAN et al., | |
| Cross-complainants and Appellants, | G047776 |
| v. | (Super. Ct. No. 30-2011-00451173) |
| CHINH NGUYEN, | O P I N I O N |
| Cross-defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Franz E. Miller, Judge.  Affirmed.

Charles H. Manh and Charles H. Manh, Van N. Dao and William Welden for Cross-complainants and Appellants.

Sicat Law and Jocelyn H. Sicat for Cross-defendant and Respondent.

\*          \*          \*

The signatures of cross-complainants and appellants Phieu Phan and Yen Le were forged on certain documents and notarized using the notary seal of cross-defendant and respondent Chinh Nguyen.  Appellants sued respondent for negligence, alleging he did not properly protect his notary seal.  After a bench trial the court found respondent was not negligent in securing his notary stamp.  Appellants claim the evidence shows to the contrary and the judgment should be reversed.  We affirm.

FACTS AND PROCEDURAL HISTORY

Appellants provided an abbreviated record.  Although the trial testimony is before us, by design appellants did not include "extensive underlying pleadings or any trial exhibits"[1] because "the accuracy and correctness of the [t]rial [c]ourt's findings" are not challenged, only "the misapplication of the law to the found facts."  Appellants recite the facts almost exclusively from the findings the trial court made in rendering its decision rather than actual trial testimony.

The slim record contains little or no information about the underlying complaint leading up to this cross-action.  However, both parties in some fashion or another state the case's background.

Chau Luong filed a breach of contract action against appellants.  According to the complaint appellants executed a promissory note for $150,000 in connection with an alleged partnership and grant deed.  The deed and partnership agreement were allegedly notarized by respondent. The partnership agreement showed appellants had transferred land to three parties who allowed appellants to use a portion of that property to secure the promissory note.  Appellants filed a cross-complaint against the original

---

[1] For example, neither the complaint nor the cross-complaint are included.

plaintiffs and respondent, alleging their signatures on the deed and partnership agreement were forged and fraudulently notarized by respondent.

Testimony revealed that respondent was employed by VT Construction (VT), owned by Vinh Q. Tran. Part of respondent's job duties included notarizing documents. Every time he did so he immediately made an entry into his notary journal. Tran never asked respondent to notarize a document without having it included in his journal nor did he ever ask to borrow respondent's seal. Respondent testified the stamps on the deed and promissory note looked like his but he had not signed the documents. Moreover, he had no entry in his notary journal for those documents.

Tran owned the building in which VT did business and had keys to all the offices. VT had only four employees, each with his or her own office. A receptionist screened all visitors and all meetings were held in a conference room. No one was admitted to respondent's office.

Respondent kept his notary seal in a locked drawer in a table in his office. It was never missing from the drawer. Tran would sometimes go into respondent's office when looking for documents. But respondent had no information Tran went in there without respondent's knowledge.

At the conclusion of the trial, the court found appellants' signatures on the promissory note and grant deed were forged as were respondent's signatures in his capacity as a notary but respondent was not negligent. Based on Government Code section 8228.1, which makes it a misdemeanor for a notary to willfully fail to keep his or her notary seal and records safe, a notary has a duty of care under an ordinary negligence standard but there is no strict liability.

Respondent kept his notary stamp in a locked drawer in his office. This met the standard of care. There was no evidence anyone had broken into the drawer. Rather, the inference to be drawn from the evidence is that someone with a key, i.e., Tran, opened the drawer and removed the seal. Tran, or someone connected with him,

obtained respondent's notary stamp and forged the stamp on the documents as part of a plan to defraud.

Without any knowledge Tran had used his notary stamp in the past or was engaged in some illegal activity, respondent had no duty to "take steps to ensure that [his] employer [would] not steal the[] stamp to use it for forgery."

DISCUSSION

Appellants' only argument is that the factual findings, rather than showing respondent was not negligent, actually proved he breached his duty to keep his notary seal secure. Breach of duty generally is a factual question to be determined by the trier of fact. (*Phillips v. TLC Plumbing, Inc.* (2009) 172 Cal.App.4th 1133, 1139.)

"When facts are disputed, we review for substantial evidence the trial court's determination of those facts and their related inferences. [Citation.]" (*Taxpayers for Livable Communities v. City of Malibu* (2005) 126 Cal.App.4th 1123, 1126.) We start with the presumption the judgment is correct. (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251-1252.) Our role is to determine only if "'there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the [fact finder].' [Citations.]" (*Ibid.*) "[W]hen two or more inferences can reasonably be deduced from the facts, [we are] without power to substitute [our] deductions for those of the trial court." (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874, italics omitted.) We may not reweigh or resolve conflicts in the evidence or redetermine the credibility of witnesses. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.) We liberally construe the court's findings of facts, whether express or implied. (*Ibid.*)

Government Code section 8207 requires that a notary seal "be kept in a locked and secured area, under the direct and exclusive control of the notary." Pursuant

4

to Government Code section 8228.1, subdivision (a), "[a]ny notary . . . who willfully fails to keep the seal of the notary public under the direct and exclusive control of the notary public, or who surrenders the seal of the notary public to any person not otherwise authorized by law to possess the seal of the notary, shall be guilty of a misdemeanor." Subdivision (c) provides that "[t]he penalty provided by this section is not an exclusive remedy, and does not affect any other relief or remedy provided by law."

The trial court specifically found respondent's conduct in keeping the seal locked in his desk drawer was sufficient to comply with the duty to maintain the seal in a secure location. Even considering Tran's access to respondent's office, respondent had no duty to anticipate the possibility Tran might steal the stamp and use it for some nefarious purpose.

Appellants argue respondent was not sufficiently diligent in guarding his notary seal. They contend that in light of respondent's knowledge about Tran's keys to respondent's office and that Tran sometimes would enter to look for documents, respondent had a duty to challenge Tran's access. They point to respondent's lack of "gumption" in barring Tran from the office, maintaining that a notary must not be the "sock puppet" of his employer. But this is merely a different interpretation of the evidence, which we cannot reweigh.

Appellants also point out respondent brought his seal to trial, claiming his commission had expired. They cite Government Code section 8207 that requires a notary to deface or destroy the seal upon expiration of the commission. This failure to destroy or deface the seal, they argue, shows negligence. Without deciding that question, it is irrelevant to show respondent was negligent in failing to secure his seal under the facts of this case.

5

DISPOSITION

The judgment is affirmed.  Respondent is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.