Filed 10/8/14  Marriage of Nava-Diaz and Diaz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRI

DIVISION THREE

| | |
|---|---|
| In re Marriage of GENOVEVA NAVA-DIAZ and DAVID DIAZ. | |
| GENOVEVA NAVA-DIAZ, | G047668 |
| Appellant, | (Super. Ct. No. 03D009268) |
| v. | O P I N I O N |
| DAVID DIAZ, | |
| Respondent; | |
| ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervenor. | |

Appeal from an order of the Superior Court of Orange County, Duane T. Neary, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Law Offices of Marc E. Grossman, Marc E. Grossman and Michael P. Vollandt for Appellant.

Law Offices of Marc E. Mitzner, Marc Edward Mitzner and Christina Doemeny Jones for Respondent.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Ricardo Enriquez, Deputy Attorneys General, for Intervenor.

\*      \*      \*

This case has a lengthy and tortuous litigation history beginning with the filing of the dissolution petition in October 2003 and ending, for purposes of this appeal, with an order dated August 2012. At issue are spousal support and child support payments. After multiple hearings spanning over three years, the court found respondent David Diaz (husband) had made an almost $94,000 child support overpayment and issued an order whereby it applied the overpayment to a spousal support arrearage of approximately $70,000.

Appellant Genoveva Nava-Diaz (wife) appeals claiming the court incorrectly determined the amount of child support overpayment because some of husband's payments were counted twice. She further asserts the court erroneously characterized and applied tuition payments made by husband toward child support. She maintains it was improper for the court to apply any excess child support toward the spousal support arrearages. Finally, she seeks to have the order set aside based on extrinsic mistake, contending she did not have a sufficient opportunity to litigate the issue. None of these arguments has merit and therefore we affirm.

**FACTS AND PROCEDURAL HISTORY**

The parties were married in 1985 and separated in 2003. They had four children.

In September 2004 the parties entered into a stipulation (September 2004 Stipulation), with an order thereon, including these provisions: Husband was ordered to pay spousal support and child support of $5,369 and $6,841, respectively. He was also ordered to continue to make payments on the first and second deeds of trust on the family home. Wife was ordered to pay the children's monthly tuition. The issue of retroactivity of support to December 2003 was reserved to the time of trial.

In February 2008, trial on reserved issues began. The judgment was entered in May 2009. Husband was ordered to pay $3,000 in spousal support, retroactive to March 2006. Intervenor Department of Child Support Services (DCSS) was ordered to "address[]" child support based on the parties' respective cash flow and the time spent with each child. Wife was no longer required to pay school tuition.

Because some of the children reached majority and custody of some changed, the amount of child support was modified more than 10 times for the period beginning in December 2003.

In January 2009 hearing began to determine ongoing child and spousal support and any arrearages in these payments. There were 13 hearings all told, which ended in August 2012.

At a hearing in August 2010, the court found the September 2004 Stipulation reserved jurisdiction to modify child support retroactive to December 1, 2003. The court entered an order, filed March 2011, regarding child support, including the following provisions: (1) child support payments for the two younger minor children were set for three different time periods, January through December 2008, January through June 2009, and July 2009 forward; (2) DCSS was ordered to prepare an audit of payments husband had made during those time periods; (3) the court set a hearing for a determination of any arrearages based on the audit; (4) husband was given a credit for tuition payments he made for the period May 2004 through May 2008 because wife had

3

been ordered to make those payments pursuant to the September 2004 Stipulation. The hearing was continued to January 2011.

At the January 2011 hearing wife challenged the time period for which tuition payments should be applied to child support, claiming credit should be given only through March 2006. The trial court rejected her argument, finding the issue was res judicata. The court also continued the hearing to March 25, 2011 because DCSS had not provided the updated audit it had ordered at the last hearing and was not present. The March 25 hearing was continued to June 2011 because at that time wife was representing herself and had not received a copy of the DCSS audit.

Prior to the June 2011 hearing, DCSS filed two simple reports (June 2011 simple reports), one for child support and one for spousal support. At the hearing in June, wife had a new lawyer who moved to relitigate the tuition credits on the ground wife had not had the opportunity to cross-examine at the prior hearing. The court denied the motion. The court adopted the June 2011 simple reports as to the child support arrearages. As to the spousal support arrearages, the court ordered each party to provide written documentation prior to the next hearing, set for September 30, 2011, as to every disputed entry on the June 2011 simple reports.

Prior to the September hearing husband provided copies of checks he wrote directly to wife for spousal support; these were admitted into evidence without objection at the hearing. Wife did not submit any evidence of her own or oppose husband's evidence. Wife's lawyer cross-examined the DCSS witness regarding the June 2011 simple reports. Wife's counsel and counsel for DCSS were given the opportunity to cross-examine husband. Out of the checks husband submitted, the court found that all but two were payments for spousal support; those two checks had been credited as child support.

4

At the end of the hearing the court ordered DCSS to prepare a new audit of spousal support reflecting the payments credited toward husband's child support obligation and showing that spousal support began December 1, 2003.

At the next hearing in May 2012, based on challenges by both parties to the audits of child and spousal support, DCSS agreed to prepare new audits beginning with the period December 2003 through the present.

At the August 23, 2012 hearing, the final hearing, the court considered the DCSS revised simple reports (revised simple reports) for child support and spousal support and an "individual payment report" showing each actual payment made. They showed husband had overpaid child support in the amount of $93,891.87 and owed $70,183.34 in spousal support arrearages. Husband concurred with those amounts.

Wife challenged the conclusions based on claims husband had been given double credit for certain payments and made a lengthy argument in opposition.

The court adopted the DCSS amounts. It further ordered the amounts overpaid in child support be applied to the spousal support arrearages. The remaining overpayment of child support was to be withheld against future child support payments until zeroed out. The court ordered husband to continue to pay $3,000 per month in spousal support.

## DISCUSSION

### 1. Sufficiency of the Evidence of Husband's Payments

Wife argues there was insufficient evidence of the amount of child support credit the court gave husband. Referring to evidence that she believes is favorable to her position, she argues husband was given double credit for certain checks paid. This claim fails.

First, in challenging the sufficiency of the evidence a party is required to set out in the brief "'*all* the material evidence on the point and *not merely* [*her*] *own evidence*. Unless this is done the error is deemed to be waived.'" (*Foreman & Clark*

5

*Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; see also *Brockey v. Moore* (2003) 107 Cal.App.4th 86, 96-97 ["[f]ailure to set forth the material evidence on an issue waives a claim of insufficiency of the evidence"].) Wife did not include in her brief much of the material evidence supporting the judgment. Thus we could consider the issue forfeited.

But the argument also fails on the merits. In support of her claim, in wife sets out a list of payments husband made for the relevant period and a list of payments she purportedly received for that same period.[1] She also includes a list of the payments for child support and spousal support shown in the revised simple reports. Reviewing all the totals, wife merely concludes payments were double credited. Wife also relies on DCSS testimony that however a payment is designated, if money is owed for any child support, payments are applied to that amount due. Even if this testimony supports her argument, at best it is merely contrary evidence.

In reviewing the sufficiency of the evidence, contrary evidence that might support an opposite result is not relevant. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 874.) When the evidence supports two or more reasonable inferences, we may not substitute our conclusion for that of the trial court. (*Ibid.*)

Rather, when the sufficiency of the evidence is challenged, we start with the presumption the judgment is correct. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957.) "[T]he evidence [is viewed] in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference." (*Ibid*.) If """there is any substantial evidence, contradicted or uncontradicted," to support the findings,'" we

---

[1] That evidence is questionable however. The augmented record includes a three-page form declaration dated May 2005 that sets out payments wife received for child, spousal, and family support for the relevant period. Counsel's declaration in support of the motion to augment states wife's declaration was "quoted extensively" at trial. The record does not support this contention. Instead the testimony to which counsel refers dealt with husband's evidence of his payments. There is no evidence wife's declaration was ever filed with the court or even referred to at trial.

must uphold that finding even if we would have made a different finding had we presided over the trial. (*Ibid.*) We may not reweigh or resolve conflicts in the evidence or redetermine the credibility of witnesses. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.) The record reflects there was substantial evidence to support the court's findings.

*2. Husband's Payment of Private School Tuition*

Pursuant to the September 2004 Stipulation, wife agreed to pay the children's monthly tuition. From May 30, 2004 through May 7, 2008, the period during which the order was in effect, husband made tuition payments. The court ordered husband be given credit for these payments toward child support.

Wife argues the court erred in crediting the tuition payments for child support for three reasons: (1) there was never an order for tuition to be applied as "an additional 'add on' for child support"; (2) there is no authority to apply tuition payments to past due child support; and (3) any "'add-on'" tuition payment must be apportioned between the spouses. These arguments fail.

Wife fails to set out any authority that tuition must be explicitly designated as an add on for child support. The Family Law Practice Guide, on which wife relies, is not to that effect. It merely states tuition payments may be added on. (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2014) ¶¶ 6:290, 6:291.1, p. 6-131.)

And, as noted by DCSS, several sections in the Family Code specifically describe educational expenses as child support. (E.g. Fam. Code, §§ 150 [child support includes education expenses]; 1839, subd. (c) [in conciliation action court may order parent to pay for child's education]; 4062, subd. (b)(1) [child support includes education costs]; 17400, subd. (g) [child support agency may move for temporary order for child's "support, maintenance, and education"].) Based on these sections, there would be no reason to require such specific language.

7

Likewise, wife provides no authority the court could not apply tuition payments to past due child support. To the contrary, under Family Code section 290, the court has broad discretion to enforce an order "by any other order as the court in its discretion determines from time to time to be necessary." (*Ibid.*; See *In re Marriage of Dancy* (2000) 82 Cal.App.4th 1142, 1154, superseded by statute on another ground as set forth in *In re Marriage of Fellows* (2006) 39 Cal.4th 179, 184-185; *Ketih G. v. Suzanne H.* (1998) 62 Cal.App.4th 853, 861 ["trial court has discretion to determine the appropriate means of enforcing a judgment for child support"]; (Hogoboom & King, *supra*, ¶ 18:1.5 p. 18-1 ["Family Code generally confers on the trial court broad discretion to select appropriate enforcement remedies"].)

Wife argues no credit should have been given because she only agreed to pay tuition on condition husband would be paying the two mortgages and support. His failure to do so prevented her from paying the tuition. Wife does not direct us to anything in the record showing her agreement to pay tuition was conditional. Moreover, the evidence shows husband was subject to an order to show cause for failure to make those payments. Wife has not shown the court abused its discretion in crediting the tuition payments.

*3. Spousal Support Arrears*

Wife claims the court erred by offsetting the tuition payments and alleged double credited child support payments against arrearages in spousal support. She characterizes the offset as "forgive[ness]," citing authority that states the court cannot forgive arrearages nor can it modify the amount of payments already accrued. (*In re Marriage of Sabine & Toshio M.* (2007) 153 Cal.App.4th 1203, 1213-1214.) This argument is not persuasive.

First, as discussed above, there were no double credits and no error in offsetting tuition payments. Second, nothing in the record shows the court forgave spousal support. It is within the court's discretion, based on the facts of the individual

8

case, to determine whether a party is entitled to credit for overpayment of child support. (*In re Marriage of Peet* (1978) 84 Cal.App.3d 974, 976; see also *In re Marriage of Tavares* (2007) 151 Cal.App.4th 620, 626 ["where a parent has made payments beyond those ordered, the court may credit the surplus to arrears"]; see Fam. Code, § 290.) Wife has not shown us why or how the court abused its discretion.

Instead of offsetting the payments the court could have ordered a refund of the overages in child support payments and then required father to immediately pay that sum to reduce past due spousal support. The challenged order was merely another way to fashion a remedy. We shall not exalt form over substance.

*4. Extrinsic Mistake*

Wife claims the revised simple reports supplied by DCSS "were replete with errors" and constituted an extrinsic mistake. She contends that, despite the fact the reports were not supplied until the morning of the hearing, the court denied her request for a continuance and she was unable to make written objections. In addition to misstating the record, wife misconstrues the meaning of extrinsic mistake.

"The terms 'extrinsic fraud' or 'mistake' 'are given a broad meaning and tend to encompass almost any set of *extrinsic* circumstances which deprive a party of a fair adversary hearing. It does not seem to matter if the particular circumstances qualify as fraudulent or mistaken in the strict sense.' [Citation.] 'Extrinsic mistake involves the excusable neglect of a party.' [Citation.] It is a term that broadly applies 'when circumstances *extrinsic* to the litigation have unfairly cost a party a hearing on the merits.' [Citation.]" (*In re Marriage of Thorne & Raccina* (2012) 203 Cal.App.4th 492, 505, italics added.)

"In contrast, mistake is intrinsic and not a valid ground for setting aside a judgment 'if a party has been given notice of an action and has not been prevented from participating therein.' [Citation.]" (*In re Marriage of Thorne & Raccina*, *supra*, 203 Cal.App.4th at p. 505.)

9

Wife has not suggested any facts that prevented her from litigating her case. To the contrary, the alleged mistaken reports were intrinsic to the case. That is, they were evidence presented in the action. The fact they were "created outside of the [c]ourt" does not make them extrinsic. Virtually all documentary evidence is created outside of the court.

The argument that the revised simple reports were presented to her on the day of the hearing is misleading. The record shows wife actually received them prior to the hearing. She had a chance to review them, and on the day of the hearing met with DCSS to review them again. DCSS made changes in the reports based on wife's information. Thus, wife was familiar with the reports. Moreover, husband received the reports and the actual payment record at the same time. And wife did not ask for a continuance to have additional time to review the reports.

During the course of the hearings evidence was provided to wife; it was not introduced into evidence in her absence or without her knowledge. She cross-examined the DCSS witnesses and husband. She also had the opportunity to introduce her own contradictory evidence. That wife at times represented herself has no bearing on this question. A party in propria persona is held to the same standard as a party represented by counsel. (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

In addition, other than citing a couple of cases that set out the general rule of extrinsic mistake, wife cites no cases supporting her argument. Thus, the claim fails.

**DISPOSITION**

The order is affirmed.  Husband is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.