Filed 5/21/15  Lee v. Fang CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| JE HYUK LEE,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>ZHEZHU FANG,<br><br>     Defendant and Respondent. | B254326<br><br>(Los Angeles County<br>Super. Ct. No.BC478526) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles F. Palmer, Judge.  Affirmed.

Richard D. Hoffman, for Plaintiff and Appellant.

Mark R. Weiner & Associates, Laurie R. Harrold and Kathryn Albarian, for Defendant and Respondent.

## INTRODUCTION

Plaintiff Je Hyuk Lee appeals from the entry of judgment against him following a jury trial. Lee's lawsuit alleged he was injured in an automobile accident caused by defendant Zhezhu Fang. Fang admitted liability, but the jury found Lee was not injured as a result of the accident. The trial court denied Lee's motion for judgment notwithstanding the verdict (JNOV) and his motion to tax Fang's expert witness costs. Lee now contends the court erred in denying his motions and refusing to grant him a new trial. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

### A. The Accident

Lee and Fang were involved in an automobile accident on December 27, 2010.[1] Lee contends, and Fang does not dispute, that Lee was driving his 2002 Nissan Pathfinder northbound on Wilton Place in Los Angeles, at approximately 30 miles per hour. Without any warning, Fang pulled his 2004 Toyota Camry into traffic from a parking space on Wilton Place. Fang turned into Lee's lane and broadsided Lee's vehicle. Both vehicles were damaged. Lee's Pathfinder was considered a total loss, in that the purported cost to repair it was higher than the vehicle's value. In his deposition, Fang testified that he asked Lee at the scene whether he was injured, and Lee said he was not hurt.

### B. The Lawsuit

The parties agree that Lee's complaint (which is not in the record) alleged a single cause of action for negligence. Lee claimed between $85,000 and $122,000 in past and future medical expenses for injuries he allegedly suffered as a result of the accident.

---

[1] The majority of the purported facts offered by Lee on appeal are unsupported by any evidence in the record. As detailed below, Lee has provided the testimony of only three witnesses who testified at trial (Christine An, Lloyd Martin and Henry Lubow). Lee also has failed to provide evidentiary support for many of the purported facts on which he relies. Many of the factual citations in his brief are to his trial brief and his posttrial motions, rather than to admissible evidence. We therefore can provide only a limited summary of the facts, based on Lee's contentions in his opening brief.

*C. Lee's Motions in Limine*

Prior to trial, Lee filed a motion in limine to exclude the testimony of Fang's designated biomechanical/accident reconstruction expert Lloyd Martin. Lee has omitted his moving papers from the record on appeal, but has included Fang's opposition. The parties agree that they reached a stipulation to limit Martin's testimony, but appear to disagree regarding the scope of that stipulation. Lee claims, without evidentiary support, that Fang agreed that "Martin would not give any biomechanical opinions." In a declaration submitted in opposition to Lee's motion for JNOV, Fang's counsel stated that the parties stipulated that Martin would testify "as to G Forces, but not to injuries." The record does not include any written stipulation, transcript of any proceedings, or order regarding Lee's motion or the stipulation.

Lee also claims he filed a motion in limine to "preclude any reference to his immigration status" and that the trial court granted the motion. The record does not include Lee's motion, the transcript of any oral argument, or the court's ruling on the motion. The court's minute orders dated October 21 and 22, 2013 indicate that the motions in limine were "heard and argued" and the court's rulings "are stated on the record and are as fully reflected in the notes of the court reporter."

*D. Trial*

The jury trial commenced October 21, 2013. Fang stipulated to liability and the trial proceeded on the issue of whether Lee was injured and the amount of his damages.

Lee's chiropractor, Dr. Christine An, testified that she treated Lee from December 28, 2010 (the day after the accident) until May 10, 2011. She stated that Lee presented with upper, mid, and lower back pain, bilateral shoulder pain, right elbow pain, and headaches. As of May 10, 2011, Lee reported having "occasional stiffness and discomfort" to his neck and low back, but did not have any that day. Dr. An then ended treatment and told Lee to follow up with his treating orthopedist, Dr. Greenfield, for any persistent symptoms. Dr. An did not take any x-rays and did not review Lee's MRI from Dr. Greenfield. She indicated Lee's prognosis was "guarded," meaning "most likely that

3

he will still have some pain." She admitted on cross-examination that she did not know anything about Lee's work history or the severity of the accident.

Lloyd Martin, Fang's accident reconstruction expert, testified that Fang's airbag did not deploy, suggesting he was most likely traveling under 14 miles per hour when he hit Lee's vehicle. He opined that Lee's vehicle on impact experienced a decelerating gravity force (G-force) of 1.9 G's, at the most, and a lateral accelerating force of 0.8 G's. That was consistent with Lee's statement that his car never moved out of its lane and Martin's conclusion that it was not a "significant side impact."

Fang's counsel asked Martin what the G-forces of the accident would be "similar to in normal life." Outside of the jury's presence, Lee's counsel objected that the question asked for "a biomechanic [sic] opinion which it had been ruled by the court this witness is not to give." Fang's counsel responded that Martin "was going to testify about the forces involved in this accident" and what those forces are "similar to." The court agreed that "as long as [Martin] doesn't talk about the injuries, I guess he can talk about what [the forces are] similar to." Lee's counsel objected that "that sounds like exactly what a biomechanic would testify to." The court indicated its understanding that "biomechanical testimony" encompasses both "the physics and the injury," and that Martin was therefore allowed to give "some sense of what the physical force is," but could not get into "any injuries that might result." Lee's counsel contended that testifying that the force "is just like sitting down in a chair" would give "a biomechanical implication which I don't think is permissible." The court disagreed, holding that Martin's "expertise encompasses that."

Martin then testified that the physical force in this accident would be "one and a half G's forward deceleration," which would be "the equivalent of what someone would experience in a head-on bumper car collision."

Dr. Henry Lubow, Fang's medical expert, offered a lengthy criticism of Dr. An's treatment, testifying that her evaluation was "inadequate," her diagnoses were "poorly supported and improbable," and the treatment she provided to Lee "was not medically necessary" and was "not the appropriate treatment." Lubow did not believe Lee suffered

4

the soft-tissue injuries that he claimed. In particular, he noted that Lee claimed new areas of injury one month after the accident, that Lee continued to work full time following the accident and admitted never taking the medication he was prescribed. Lubow opined that Lee's MRI showed "normal degenerative cervical spine." He also testified regarding Lee's behavior during the defense medical examination, including that Lee moved "very freely" without any obvious back or neck problems before Dr. Lubow introduced himself. He also observed Lee get onto and off of the examination table and do a "full squat" to pick up his shoes without any difficulty. Lubow concluded "that it's entirely possible that someone in this accident could have sustained a sprain/strain injury to their neck, perhaps their back. Could have. But in this particular case, it is so surrounded by at least exaggeration, if not outright fabrication . . . it's not possible to discern in this case what's real from what's not real." If Lee were injured, Lubow opined, "it would necessarily have to have been very, very minor."

In addition to the above witnesses, the following witnesses also testified at trial: Lee and Parivash Chong for plaintiff, and Fang and Jason Lance for defendant. The videotaped depositions of several witnesses, including Fang, Mr. Martin, and Dr. Lubow,[2] also were played for the jury.

On October 29, 2013, the jury returned a special verdict finding that Lee was not harmed as a result of Fang's actions.

*E. Posttrial Motions and Judgment*

The trial court entered judgment for Fang on November 14, 2013. On November 18, 2013 Fang filed a memorandum of costs requesting $49,279.73 in trial costs, including expert fees. Lee filed a motion for JNOV or, in the alternative, for new trial, on December 6, 2013. The same day, he filed a motion to tax costs, seeking to strike or reduce the expert fees claimed by Fang. The record does not include any hearings or rulings on either of Lee's motions. However, the court entered an amended judgment on

---

[2] The court indicated it was limiting live examination to those areas that were not covered in these depositions.

February 19, 2014, awarding costs to Fang in the amount of $44,179.73. Lee timely appealed.

## DISCUSSION

### A. Record on Appeal

As an initial matter, Fang complains that Lee's notice designating the record on appeal violated California Rules of Court, rule 8.130. Lee's notice requested only a partial reporter's transcript. Under rule 8.130, when the appellant requests preparation of a reporter's transcript and "designates less than all the testimony, the notice must state the points to be raised on appeal." (Cal. Rules of Court, rule 8.130(a)(2).) Lee's notice designated only the testimony of Dr. An, Dr. Lubow, and Mr. Martin, but did not state the points he intended to raise on appeal.[3] Fang therefore requests that we dismiss his appeal on that basis. Because we conclude that Lee's designation of such a limited record renders him unable to demonstrate any reversible error, as discussed below, this issue is moot.

### B. Jury's Finding That Lee Was Not Injured

Lee contends there was insufficient evidence for the jury to conclude that he was not injured as a result of the accident and the court therefore erred in denying his motion for JNOV. We disagree.

### 1. Standard of Review

When a party contends insufficient evidence supports a judgment following a trial, we apply the substantial evidence standard of review. "[T]he power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination. . . ." *Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874. The substantial evidence standard has two components: "First, all conflicts in the evidence

---

[3] It appears Lee may have had some confusion on this point. He checked the box in section 5.c of his notice to indicate (erroneously) that the designated testimony included "all of the testimony in the superior court." The instructions on the notice form state that "[i]f the designated proceedings DO NOT include all of the testimony, state the points that you intend to raise on appeal." Lee left that section blank.

must be resolved in favor of the prevailing party; second, all reasonable inferences from the evidence (all conflicts already having been properly resolved) must be drawn in favor of the prevailing party. [Citation.]" *Tien Le v. Lieu Pham* (2010) 180 Cal.App.4th 1201, 1205-1206. "It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact. . . . [I]f two or more different inferences can reasonably be drawn from the evidence this court is without power to substitute its own inferences or deductions. [Citations.]" (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631.)

### 2. *Substantial Evidence Supports the Verdict*

Although he acknowledges that our inquiry into the evidence supporting the verdict must be made on "the entire record," Lee has failed to provide that record for our review. Instead, he has included the trial testimony of just three witnesses—Dr. An (his treating chiropractor), Dr. Lubow (defendant's medical expert), and Mr. Martin (defendant's accident reconstruction expert). Incredibly, although Lee cites to his own testimony, medical records, and the testimony of Dr. Greenfield (his treating physician and purported medical expert) in support of his argument that "there was clear and undisputed evidence that Lee was injured," he did not include that evidence in the record. Lee's citations to summaries of that testimony from his own motion papers are improper and unsupported by any evidence in the record.

The judgment and "'order[s] of the lower court [are] presumed to be correct on appeal, and all intendments and presumptions are indulged'" in their favor. (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718, quoting *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Appellant bears the burden to overcome this presumption by showing error on an adequate record. Where the appellant fails to provide an adequate reporter's transcript, "it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992; see also *Smith v. Laguna Sur Villas Condominium Assn.* (2000) 79 Cal.App.4th 639, 646-647; *Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1320-1321.) "Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]."

7

(*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 (*Hernandez*).)

Here, Lee fails to meet his burden to provide an adequate record on appeal. Without all of the evidence introduced at trial regarding his alleged injuries, Lee cannot possibly show that the jury's conclusion that he was not injured was, as he argues, "squarely against the weight of the evidence."  We must affirm the judgment for this reason alone.

Moreover, even if we were to consider the limited record before us, it contains ample evidence from which a jury could reasonably conclude that Lee was not injured. For example, there was evidence that Fang's airbag did not deploy and Lee's vehicle remained in its original lane, suggesting the force of the impact was minimal.  This was further supported by Martin's testimony regarding the likely minimal extent of the crash, given Fang's speed from a parked position and the angle at which he was traveling.  Dr. Lubow also testified at length regarding his disagreement with the diagnoses and treatment offered by Lee's doctors and his opinion that Lee had either fabricated or exaggerated his injuries.

Thus we find substantial evidence supports the verdict and the trial court's denial of Lee's motion for JNOV.  The fact that some evidence at trial could have allowed the jury to reach the opposite conclusion and find that Lee was injured does not alter this result.  (See, e.g., *Howard v. Owens Corning, supra,* 72 Cal.App.4th at p. 631.)

*C.  Martin's Testimony*

Next, Lee argues that the trial court erred in allowing Fang's expert, Martin, to testify regarding the G-forces experienced in the accident and comparing the impact to a bumper car collision.  We find no error.

First, Lee asserts the testimony violated the parties' agreement that Martin would not testify regarding biomechanics and was therefore an "improper back-door effort to offer a biomechanical opinion that included causation of injury."  However, the only evidence in the record of the parties' stipulation is a declaration filed by Fang's counsel in opposition to Lee's motion for JNOV, stating that the parties stipulated that Martin

8

"could testify as to G Forces, but not to injuries." The other citations on which Lee relies are to his own motion papers, not evidence. Thus, Lee's contention that the parties agreed more broadly that Martin would not "give any biomechanical opinions" is without support in the record. Martin's testimony did not offer any opinion regarding Lee's injuries and therefore complied with the parties' stipulation as reflected in the limited record before us. Lee asserts that while Martin may not have directly testified regarding injury, his testimony comparing the forces to a bumper car collision implied that Lee was not injured in the accident. While that may be an inference a juror could draw, the only opinions actually offered by Martin stayed within the apparently agreed-upon scope of testimony and did not include any opinion regarding possible injury.

Further, we reject Lee's contention that Fang avoided an admissibility hearing under Evidence Code, section 402, and "sandbag[ged]" him at trial. While there was apparently no need for a pretrial evidentiary hearing given the parties' stipulation, the court evaluated the admissibility of Martin's testimony following Lee's objection at trial. At that point, the court had the benefit of Martin's foundational testimony regarding his training and expertise, as well as Lee's legal argument from his motion in limine and his oral objection. Lee has not shown any abuse of discretion in the court's mid-trial consideration and ultimate admission of this evidence.[4]

### D. Cross-Examination Regarding Driver's License

Lee contends that Fang's cross-examination of him regarding whether he had a California driver's license violated the trial court's prior ruling excluding evidence of his immigration status. The record before us does not include the trial court's ruling on

---

[4] Lee also claims Martin's "bumper car" testimony was "misleading, unreliable, and not based on generally accepted scientific procedures." It appears (based on Fang's opposition) that Lee raised at least some of these same objections in his motion in limine, but Lee did not include it for our review. Moreover, because we do not have the court's original analysis and ruling (to the extent there was one) on this issue, we must presume no error and affirm on that basis. (*Hernandez, supra,* 78 Cal.App.4th at p. 502.) We also note that Lee did not raise this objection at trial, thereby waiving it on appeal. (Evid. Code, § 353.)

9

Lee's motion in limine.  More importantly, the record does not include any of Lee's testimony, including the cross-examination question(s) to which he objects.  We therefore have no basis upon which to evaluate whether Fang's cross-examination violated the court's prior order, was otherwise improper, or even whether Lee properly preserved this objection by raising it below.  We are therefore compelled by the state of the record to presume no error and affirm.  (*Hernandez, supra,* 78 Cal.App.4th at p. 502.)

   *E.  Lee's Motion to Tax Costs*

   Finally, Lee contends the trial court erred in denying his motion to tax costs, because Fang's settlement offer of $3,000 pursuant to Code of Civil Procedure section 998 was a mere token and Fang's claimed expert fees were unreasonable.[5]  Once again, Lee has failed to provide us with a sufficient record to evaluate this claim.  In particular, we do not have the trial court's ruling on Lee's motion or any discussion of the court's reasoning regarding the reasonableness of Fang's settlement offer or the expert witness fees he claimed.  Thus, Lee cannot meet his burden to demonstrate error and we must affirm.  (*Hernandez, supra,* 78 Cal.App.4th at p. 502.)

## DISPOSITION

   The judgment is affirmed.  Fang is awarded his costs on appeal.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


COLLINS, J.

We concur:


WILLHITE, Acting P. J.


MANELLA, J.

---

[5]   Under Code of Civil Procedure section 998(c)(1), if plaintiff does not accept a pretrial written settlement offer made by defendant in accordance with that section and "the plaintiff fails to obtain a more favorable judgment or award, the plaintiff . . . shall pay the defendant's costs from the time of the offer."

10