[No. AO15585. First Dist., Div. One. Jan. 12, 1984.]

RICHARD BOWERS et al., Plaintiffs and Appellants, v.
RALPH BERNARDS, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

*See, *post*, page 874.

**COUNSEL**

Steven D. Siner and Siner & Siner for Plaintiffs and Appellants.

Robert J. Smith for Defendant and Respondent.

## OPINION

**ELKINGTON, J.**—By plaintiffs Bowers' action against defendant Bernards for specific performance of an agreement to sell certain real property (hereafter the property), or, in the alternative, for damages for breach of the agreement, the relief sought at the trial was specific performance alone. Judgment was entered in favor of defendant Bernards, from which judgment plaintiffs Bowers have appealed.

We shall affirm the judgment, and proceed to state our reasons therefor.

(The contractual transaction appears to have been handled by plaintiff Richard Bowers. Hereafter our reference to plaintiffs in the plural will be to both of them; our reference to Bowers will be to Richard Bowers alone.)

The principal issue of the appeal is whether the superior court's findings of fact in favor of defendant were supported by the evidence. As to this issue we are afforded little aid by the parties.

Plaintiffs, disregarding all evidence unfavorable to them, have culled from the record only such as might be deemed helpful on their appeal. That evidence is then offered to us as the "facts of the case," calling for reversal of the judgment. (However, from embarrassment, or whatever, in their closing appellate brief plaintiffs concede that they had "attempted to slant the facts to suit [their] particular needs," and then ask that we cast "aside each party's version" and consider "those key facts which are uncontroverted.")

Defendant, on the other hand, insists that we abide by the following rules, which we quote verbatim from his appellate brief: "The Court of Appeal must support the trial court's findings of fact. The general rule with respect to appellate review is that, though appellants' evidence may be overwhelming, it should be disregarded. . . . The test is not whether there is substantial conflict, but whether there is evidence in favor of the respondent. If there is substantial evidence in favor of respondent, *no matter how slight it may appear* in response with the contradictory evidence, the judgment will be affirmed. The appellate court should only look at the evidence supporting the successful party and disregard the contrary showing. This principle is . . . that the general approach of the appellate courts is to construe the evidence in the court below so as to support the decision in the lower court. In its scrutiny of the record, it will eliminate from its consideration evidence contrary to or in conflict therewith. In applying the substantial evidence test it is the evidence favorable to the respondent (Bernards) that will be con-

sidered and conflicting testimony supporting appellants, however persuasive it may be, is generally of no consequence."

As we have found not at all uncommon in the many appeals taken to this court, both of the parties completely misapprehend the law.

We are of course concerned with the "substantial evidence rule" of appellate procedure.

■ It is now the settled law of this state that in civil and criminal cases alike, "*substantial evidence*" is such as was elaborated and defined in *Estate of Teed* (1952) 112 Cal.App.2d 638, 644 [247 P.2d 54]. It is evidence (the italics are ours) "*of ponderable legal significance, . . . reasonable in nature, credible, and of solid value.*" (*People* v. *Murtishaw* (1981) 29 Cal.3d 733, 771, fn. 34 [175 Cal.Rptr. 738, 631 P.2d 446]; *People* v. *Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; *Mann* v. *Columbia Pictures, Inc.* (1982) 128 Cal.App.3d 628, 651 [180 Cal.Rptr. 522]; *In re Lynna B.* (1979) 92 Cal.App.3d 682, 695 [155 Cal.Rptr. 256]; *Cansdale* v. *Board of Administration* (1976) 59 Cal.App.3d 656, 662 [130 Cal.Rptr. 880]; *Pennel* v. *Pond Union School Dist.* (1973) 29 Cal.App.3d 832, 837, fn. 2 [105 Cal.Rptr. 817]; *White* v. *State of California* (1971) 21 Cal.App.3d 738, 759 [99 Cal.Rptr. 58]; *In re Marriage of Russo* (1971) 21 Cal.App.3d 72, 87 [98 Cal.Rptr. 501]; *Lucas* v. *Southern Pacific Co.* (1971) 19 Cal.App.3d 124, 136 [96 Cal.Rptr. 356].) " 'Obviously the word cannot be deemed synonymous with "any" evidence.' " (*People* v. *Bassett* (1968) 69 Cal.2d 122, 139 [70 Cal.Rptr. 193, 443 P.2d 777]; *Mann* v. *Columbia Pictures, Inc., supra,* 128 Cal.App.3d at p. 651; *White* v. *State of California, supra,* 21 Cal.App.3d at p. 759; *In re Marriage of Russo, supra,* 21 Cal.App.3d at p. 87.) ■ And: "*The* [*reviewing*] *court does not* [*as defendant here contends*] *limit its review to evidence favorable to the respondent.*" (Our italics; *People* v. *Johnson, supra,* 26 Cal.3d at p. 577.)

Unlike the former practice, reviewing courts will now, in determining the existence of substantial evidence, *look to the entire record of the appeal,* and *will not* limit their appraisal "to isolated bits of evidence selected by the respondent." (*People* v. *Johnson, supra,* p. 577; and see *Teamsters Agr. Workers Union* v. *International Brotherhood of Teamsters* (1983) 140 Cal.App.3d 547, 555, fn. 4 [189 Cal.Rptr. 627].)

■ And the existence of such "substantial evidence" will be determined as follows: When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether, *on*

*the entire record,* there is substantial evidence, contradicted or uncontradicted, which will support the determination, and when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. *If such substantial evidence be found, it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion. (People* v. *Johnson, supra,* 26 Cal.3d 557, 576-577; *Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Estates, Inc.* (1967) 66 Cal.2d 782, 784-785 [59 Cal.Rptr. 141, 427 P.2d 805]; *Grainger* v. *Antoyan* (1957) 48 Cal.2d 805, 807 [313 P.2d 848]; *Estate of Wilson* (1980) 111 Cal.App.3d 242, 247 [168 Cal.Rptr. 533]; *Carroll* v. *Gava* (1979) 98 Cal.App.3d 892, 896 [159 Cal.Rptr. 778]; *Fields* v. *Riley* (1969) 1 Cal.App.3d 308, 314, 315 [81 Cal.Rptr. 671].)

Applying the foregoing criteria and disregarding contrary arguments of the parties, we look to the *entire record* for *substantial evidence* supportive of the trial court's findings of fact.

(We certify for publication, only the foregoing portion of this opinion, this parenthesized paragraph, and our decisional statement, i.e., the opinion's last paragraph. The remainder does not meet the standards for publication and shall not be published. See rule 976.1, Cal. Rules of Court.)

. . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.