Filed 3/28/14  Kalfin v. Kalfin CA2/5
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| DEBRA R. KALFIN, | B247744 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS139294) |
| v. | |
| JUDITH A. KALFIN, Individually and as Trustee, etc., | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County, Matthew St. George, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Law Offices of Scott E. Schutzman and Scott E. Schutzman for Defendant and Appellant.

Lamb & Kawakami, Patrick L. Rendón and Adam Goldstein for Plaintiff and Respondent.

_____

Judgment debtor Judith A. Kaflin (Judith),[1] individually and as trustee of the Judith A. Kalfin Separate Property Trust, dated April 18, 2010, appeals from the trial court's order granting the petition of judgment creditor Debra R. Kalfin (Debra) directing the Los Angeles County Sheriff to sell the property located at 628 Prospect Avenue in Hermosa Beach (the property) to partially satisfy an Orange County judgment. Judith contends the trial court erred in granting the petition, because the property is owned by her separate trust, the trust is not a party to the Orange County action, and the trust is not named in that judgment. Judith further argues there is insufficient evidence to support the trial court's finding that her trust is revocable, which lead to the court's conclusion that the property could be sold to partially satisfy the Orange County judgment. We affirm.

**BACKGROUND**

Debra obtained a judgment in 2012 in the amount of $1,665,000 against Judith in an action tried in Orange County Superior Court. The jury found that Judith had breached a contract intended to benefit Debra, Debra was a dependent adult at the time of the breach of contract, and Judith acted with malice, fraud, or oppression.

This appeal involves Debra's Los Angeles County Superior Court petition, filed on September 25, 2012, to determine if the property may be sold by the Los Angeles County Sheriff without an order, or in the alternative, for an order for sale of the property. The purpose of the petition was to force sale of the property to partially satisfy the Orange County judgment. Among the exhibits supporting the petition was a quitclaim deed, dated August 7, 2010, transferring title to the property from Judith to her trust. The deed includes the following language describing the transaction: "THIS

---

[1] Because the judgment creditor and debtor share the same surname, we refer to them by their first names for purposes of clarity.

2

CONVEYANCE TRANSFERS THE GRANTOR'S INTEREST INTO HER REVOCABLE LIVING TRUST R & T 11930."

On October 19, 2012, Judith filed a motion to recall and quash the writ of execution. She argued the Orange County judgment was against her as an individual, but not as trustee of her separate trust. The trust is the owner of the property, and as a consequence, the property may not be levied upon to satisfy a judgment against Judith as an individual. Judith also argued the underlying case was on appeal and it would be inequitable to sell the property before the appeal was decided. Judith further argued she was entitled to a homestead exemption if the property is sold, because she has lived at the property for five days per week since 2004.

Debra filed an opposition to the motion to recall and quash the writ of execution on November 15, 2012. She argued the judgment in the Orange County case had not been satisfied, and because Judith had not filed a bond or undertaking, there was no stay on the judgment pending appeal. Debra argued the property was subject to a writ of execution, even though it had been transferred to Judith's trust, because Judith's trust was revocable. Debra also disputed that Judith was entitled to a homestead exemption on the property, based on evidence that Judith used another location as her primary residence.

The trial court held a hearing on Judith's motion to quash and Debra's petition on November 30, 2012. Counsel for Judith argued the property belonged to the trust, not to Judith as an individual, because it was transferred to the trust before the judgment in the Orange County action. Counsel further argued the trust's property was not subject to sale to satisfy the judgment, even if the trust were revocable. The court ruled the property was subject to sale to satisfy the judgment, because the trust is revocable and Judith, as settlor, retains full power over the property, which is the equivalent of full ownership. The court then addressed the issue of whether the homestead exemption applied, and after

3

hearing argument from both sides,[2] ultimately ruled Judith is entitled to the $75,000 homestead exemption from the proceeds of sale of the property pursuant to Code of Civil Procedure section 704.780.

## DISCUSSION

Judith makes two related arguments on appeal. First, she contends the trial court erred in issuing an order to sell the property without requiring her, as trustee of her trust, to be joined in the Orange County action. Second, the evidence is insufficient to support the court's finding that Judith's trust was revocable, because the court's ruling was based only on language in a quitclaim deed describing the trust as revocable, but the court never saw the trust document and did not allow Judith to present testimony on the issue.

### *Standard of Review*

We apply the de novo standard of review on issues of jurisdiction, but to the extent there is conflicting evidence, our review is under the deferential abuse of discretion standard. (*As You Sow v. Crawford Laboratories, Inc.* (1996) 50 Cal.App.4th 1859, 1866.) To the extent Judith relies on issues of statutory construction, we also apply a de novo standard of review. (*POET, LLC v. State Air Resources Bd.* (2013) 218 Cal.App.4th 681, 748; *In re T.W.* (2013) 214 Cal.App.4th 1154, 1164.)

On Judith's contention the evidence is insufficient to show that her trust is revocable, "[i]t is settled that appellate review of the sufficiency of the evidence is governed by the substantial evidence rule. (Cf. *Bixby v. Pierno* (1971) 4 Cal.3d 130.) This court views the entire record in the light most favorable to the prevailing party to determine whether there is substantial evidence to support the trial court's findings.

---

[2]    In connection with the issue of the homestead exemption, counsel for Judith twice stated that Judith was present to testify, although the court ruled that testimony was unnecessary.

4

(*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874 [(*Bowers*)]; accord, *Campbell v. Southern Pacific Co.* (1978) 22 Cal.3d 51, 60.) We must resolve all conflicts in the evidence and draw all reasonable inferences in favor of the findings. (*Watson v. Department of Rehabilitation* (1989) 212 Cal.App.3d 1271, 1289.) Substantial evidence is evidence of ponderable legal significance. (*Toyota Motor Sales U.S.A., Inc. v. Superior Court* (1990) 220 Cal.App.3d 864, 871; *Bowers, supra,* at p. 873.)" (*In re Marriage of Duffy* (2001) 91 Cal.App.4th 923, 931.)

*Analysis*

It is undisputed that in 2010, Judith transferred her interest in the property to her trust by quitclaim deed. It is also undisputed that Judith, as trustee of her separate property trust, was not named as a defendant in the Orange County action and is not a judgment debtor. These facts, however, are not determinative of the issue on appeal. The overriding issue to be resolved is whether the property, held by the trust, is subject to sale to satisfy the judgment.

We first address Judith's contention that there is no substantial evidence to show Judith's trust was revocable. Debra's petition was supported by the quitclaim deed transferring the property to Judith's trust. The deed included the following description of the transaction: "THIS CONVEYANCE TRASFERS THE GRANTOR'S INTEREST INTO HER REVOCABLE LIVING TRUST R & T 11930." We see no reason why the characterization of the trust as revocable, in a document transferring title from Judith to her own trust, does not constitute substantial evidence the trust was revocable. (See *Estate of Johanson* (1943) 62 Cal.App.2d 41, 54 [it is reasonable to presume that a person signing a document has read and understood the document to be correct].) Judith presented no evidence at the hearing on her motion to quash that her trust was not

5

revocable, and in fact, she did not contest that issue in the trial court.[3] Introduction into evidence of the trust itself is one means, but not the only way, to establish the nature of the trust.

The remaining issue is whether the property, held by the revocable trust, is subject to execution to satisfy the Orange County judgment. "If the settlor retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor." (Prob. Code, § 18200.) "Under California law, a revocable inter vivos trust is recognized as simply 'a probate avoidance device, but does not prevent creditors of the settlors— who are often also the trustees and the sole beneficiaries during their lifetimes—from reaching trust property.' (*Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1349 . . . .)" (*Zanelli v. McGrath* (2008) 166 Cal.App.4th 615, 633.)

Based upon these authorities, we hold the property, held in Judith's revocable trust, was subject to Debra's claim as a judgment creditor. There is no requirement that Judith's trust be a named defendant and judgment debtor in the Orange County action. Assets of Judith's revocable trust are subject to execution to satisfy her debt. The trial court correctly ruled the property held by the revocable trust should be sold by the sheriff.

Finally, Debra argues that if she is successful on appeal, she is entitled to an award of attorney fees pursuant to Welfare and Institutions Code section 15657.5, subdivision (a).[4] Debra's right, if any, to attorney fees under this statute following an appeal from an

---

[3]    Judith's assertion in her reply brief that her counsel requested to call her as a witness is of no moment. Counsel asked to have Judith testify on the issue of the homestead exemption, not the nature of the trust.

[4]    Welfare and Institutions Code section 15657.5 provides in part as follows: "(a) Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, in addition to compensatory damages and all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs. The term 'costs' includes, but is not limited to, reasonable fees for the services of a conservator, if any, devoted to the litigation of a claim brought under this article."

6

order granting a petition for sale of property to enforce a judgment, is best addressed through further litigation in the trial court after issuance of the remittitur.  We express no opinion on the merits of the contention.

**DISPOSITION**

The order granting the petition is affirmed.  Costs on appeal are awarded to Debra R. Kalfin.


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.