Filed 6/24/14  In re Rodrigo B. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re Rodrigo B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>      Plaintiff and Respondent, <br><br> v. <br><br> RODRIGO B., <br><br>      Defendant and Appellant. | A140469 <br><br> (Solano County <br> Super. Ct. No.  J41918) |

In response to a felony juvenile wardship petition, Rodrigo B. admitted to misdemeanor possession of concentrated cannabis.  After a a contested jurisdiction hearing on a second wardship petition, the juvenile court sustained allegations of felony possession of hydrocodone.   The petitions were joined for disposition.  Rodrigo appeals the court's order sustaining the second petition and the court's disposition order.

Assigned counsel has submitted a *Wende*[1] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that Rodrigo has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No supplemental brief has been submitted.  As required, we have independently reviewed the record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

1

We find no arguable issues and therefore affirm.

## I.    BACKGROUND

On July 30, 2013, Vacaville police responded to a report of possible drug dealing. Officers contacted Rodrigo and four other juveniles. Rodrigo was on probation, with search terms. After Rodrigo admitted that he had marijuana in his pocket, an officer retrieved a plastic container containing concentrated cannabis from Rodrigo's pocket and arrested him. On August 15, 2013, Rodrigo admitted the allegations of an amended juvenile wardship petition charging a misdemeanor violation of Health and Safety Code section 11357, subdivision (a).

At a contested jurisdiction hearing on September 18, 2013, the court received testimony concerning Rodrigo's arrest on September 10, 2013. On that date, Vacaville police responded to a report of 10 subjects attacking a single person. At the scene, the victim's mother told police that her son had been "jumped by Norteño gang members." Rodrigo was observed in the vicinity wearing a shirt that had what appeared to be blood stains. Rodrigo was detained. While handcuffing another suspect, an officer observed Rodrigo's left handing moving quickly near his left pocket. Forty yellow prescription pills and a clear plastic bag were then found scattered on the ground about two feet to the left of Rodrigo. The officer had not observed anything on the ground prior to that time. A criminalist with the Solano County crime lab determined that the pills contained a usable amount of hydrocodone.[2] The court sustained an allegation of felony possession of hydrocodone (Health & Saf. Code, § 11350, subd. (a)).

At a consolidated disposition hearing on October 16, 2013, the court continued Rodrigo as a ward of the juvenile court, set the maximum term of confinement on the felony count at four years, and ordered him confined in juvenile hall for a term of 45 days (with credit for 37 days served), followed by placement in his mother's home. Rodrigo

---

[2] To show knowledge of the narcotic nature of the pills, the prosecution introduced evidence that Rodrigo had previously admitted to a police officer that he used and possessed hydrocodone on March 20, 2013. The court stated that it was giving that evidence no weight in making its jurisdictional finding.

was also ordered to perform 100 hours of volunteer work. The court imposed a $100 fine, a curfew (6 p.m. weekdays, 7 p.m. weekends), and ordered continuation of previously ordered standard gang conditions. Rodrigo made no objection to the conditions imposed.

## II.    DISCUSSION

We find no arguable issues. Rodrigo was represented at all times by competent counsel. As to the jurisdictional finding, " ' "the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination . . . ." ' [Citation.]" (*People v. Semaan* (2007) 42 Cal.4th 79, 88.) In determining whether there is sufficient evidence to support a court's findings, we review the entire record in the light most favorable to the prosecution to see if any rational trier of fact could have been so persuaded. (*People v. Hovarter* (2008) 44 Cal.4th 983, 996–997.) When differing inferences "can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court," and "it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion. [Citations.]" (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 874, italics omitted.)

A juvenile court's dispositional "order may be reversed on appeal only upon a showing the court abused its discretion. [Citation.] ' "We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them." ' [Citation.]" (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329–1330.) No error is shown.

## III.    DISPOSITION

The judgment of the juvenile court is affirmed.

3

_____
Bruiniers, J.

We concur:

_____
Jones, P. J.

_____
Simons, J.