Filed 12/24/15  Gonzalez v. Aurora Loan Services CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EDGART F. GONZALEZ, | |
| Plaintiff and Appellant, | G049745 |
| v. | (Super. Ct. No. 30-2012-00586596) |
| AURORA LOAN SERVICES LLC, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Robert D. Monarch, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Edgart F. Gonzalez, in pro. per., for Plaintiff and Appellant.

Green & Hall, Howard D. Hall, Artin Betpera and Taylor R. Dalton for Defendant and Respondent.

\*          \*          \*

Edgart F. Gonzalez appeals from a judgment following a bench trial in favor of Aurora Loan Services LLC (Aurora), on Gonzalez's claim against Aurora for wrongful foreclosure. The trial court found Gonzalez had failed to prove his claim against Aurora both because he failed to establish any prejudice caused by the alleged irregularities in the foreclosure, and because he failed to establish he had tendered the amount due or was willing and able to tender. On appeal, Gonzalez argues that Aurora did not have the authority to foreclose on his property, making the foreclosure sale void and relieving him of the obligation to establish prejudice or tender. The appellate record does not reflect that Gonzalez offered any evidence that the foreclosure sale was void; to the contrary, the record establishes the foreclosure was conducted properly. Therefore, Gonzalez was required to prove prejudice and tender in order to prevail. Having failed to do so, the trial court properly entered judgment in Aurora's favor, and we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In 2004, Gonzalez acquired real property located at 252-254 Wave Street in Laguna Beach, California (the Property), for $1,050,000. Gonzalez made a downpayment of 10 percent of the purchase price, and financed the remaining amount with a mortgage loan. He later obtained a second mortgage on the Property. In 2006, Gonzalez obtained a single refinancing mortgage loan (the Loan) from Homecomings Financial, Inc. (Homecomings). The Loan was evidenced by an adjustable rate note, and secured by a deed of trust.

Gonzalez defaulted on the Loan in November 2007. He did not make any payments toward the Loan after the date of default. At the same time, Gonzalez rented out the Property and collected rent from the Property's tenants.

Mortgage Electronic Registration Systems, Inc., the beneficiary on the deed of trust, assigned its beneficial interest to Aurora in November 2009, and Aurora later

2

substituted Executive Trustee Services, LLC (Executive), as the trustee. Executive recorded a notice of default and election to sell under the deed of trust in August 2011. Executive recorded a notice of trustee's sale in November 2011.

The trustee's sale finally occurred on July 30, 2012. Aurora was the highest bidder at the sale, and obtained title to the Property. Gonzalez was forced to vacate the Property following an unlawful detainer action.

Five days before the trustee's sale, Gonzalez filed a complaint against Aurora for wrongful foreclosure.[1] Following a bench trial, the trial court issued a statement of decision awarding judgment in favor of Aurora and against Gonzalez. The court ruled that, based on *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, Gonzalez had the burden of pleading and proving "an improper procedure *and the resulting prejudice*," which burden Gonzalez had failed to meet. (Original italics.) The court also found Gonzalez had "failed to establish that he made any effort to tender payment or to obtain relief from foreclosure in any other manner," despite undisputed evidence that Gonzalez was in default, had failed to make payments on the Loan or tax payments on the Property, and had received rental income from the Property. Judgment was entered consistent with the statement of decision, and Gonzalez filed a timely notice of appeal.

## DISCUSSION

Our review of the trial court's judgment is limited to whether its factual determinations are supported by substantial evidence. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874.) Gonzalez's failure to designate a reporter's transcript means Gonzalez is barred from claiming the evidence was insufficient to support the judgment.

---

[1] The original complaint also named Executive as a defendant, but Gonzalez voluntarily dismissed Executive before trial. The complaint originally identified multiple causes of action against Aurora, but those were whittled down following a series of demurrers.

(*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.) "Because [the appellant] provides us only the original trial court file, and fails to provide any reporter's transcript of the trial preceding the judgment from which he appeals, we must treat this as an appeal 'on the judgment roll.' [Citations.] Therefore, as previously noted, we '"must conclusively presume that the evidence is ample to sustain the [trial court's] findings."' [Citation.] Our review is limited to determining whether any error 'appears on the face of the record.' [Citations.]" (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325.) The evidence is conclusively presumed to support the correctness of the judgment when the appellant does not designate a reporter's transcript on appeal. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

The elements of a claim for wrongful foreclosure are "'(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.' [Citation.]" (*Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394, 408.) According to the statement of decision, Gonzalez's claim failed both because he failed to establish prejudice and because he failed to establish tender.

Gonzalez argues that Aurora had no authority to foreclose on the Property, relying on Civil Code section 2924, subdivision (a)(6), which provides: "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the

4

foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest."

Gonzalez argues that Deutsche Bank Trust Company Americas acquired the mortgage from Aurora no later than October 2008. Gonzalez fails to identify any evidence in support of his argument; the documents on which he relies do not appear on the parties' list of stipulated exhibits, and in the absence of a reporter's transcript, we cannot determine whether any evidence was presented to the trial court on this issue. The appellate record in this case contains evidence that Homecomings's beneficial interest in the deed of trust was properly transferred to Aurora, and that Executive was properly substituted in as the trustee before the notice of default and notice of trustee's sale were filed. Indeed, before trial, Gonzalez stipulated to the authenticity and admissibility of those documents. Gonzalez did not offer any *evidence* that Aurora did not have the authority to proceed with the foreclosure.

Gonzalez contends that he was not required to prove prejudice in this case. Gonzalez's argument is in direct conflict with *Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th at page 272, on which the trial court relied: "[A] plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests. [Citations.] Prejudice is not presumed from 'mere irregularities' in the process. [Citation.]" (See *Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1258-1259.) Rather than point to any actual evidence of prejudice, Gonzalez relies heavily on the fact that the complaint alleged Aurora did not have the authority to foreclose on the Property. As explained *ante*, there is nothing in the appellate record establishing Gonzalez offered any proof of that allegation, while there is evidence that Aurora did have the authority to foreclose. In the absence of a transcript of the trial, we defer to the trial court's findings, as set forth in the statement of decision, that prejudice was not proven.

5

Gonzalez argues that he did not need to prove tender because the foreclosure sale was void, not simply voidable, as he had proven that Aurora lacked the authority to foreclose on the Property. Gonzalez cites *Lester v. J.P. Morgan Chase Bank* (N.D.Cal. 2013) 926 F.Supp.2d 1081, in support of his argument. That case sets forth the correct rule that tender is not required where a foreclosure sale is void. (*Id.* at p. 1093.) However, *Lester* involved a motion to dismiss several claims for relief, in which the plaintiff had alleged lack of authority to foreclose. Because the authority to foreclose on the Property was proven at trial, Gonzalez was required to prove he was willing and able to tender the amount owed in order to prevail on his wrongful foreclosure claim. According to the statement of decision, Gonzalez did not do so, and, indeed, he does not argue on appeal that he attempted to tender or was willing and able to tender.

We conclude the trial court's judgment is supported by substantial evidence.

DISPOSITION

The judgment is affirmed. Respondent to recover costs on appeal.

FYBEL, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

ARONSON, J.

6