Filed 8/12/25  G.G. v. Allan CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| G.G., | B336055 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21PDRO00146) |
| v. | |
| LESLIE STEWART ALLAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Harvey A. Silberman, Judge.  Affirmed.

Decker Law, James Decker, Griffin Schindler and Chris Jones for Defendant and Appellant.

G.G., in pro. per., for Plaintiff and Respondent.

_____

Defendant and appellant Leslie Stewart Allan (Allan) appeals from an order renewing for a five-year period a domestic violence restraining order (DVRO) protecting plaintiff and respondent G.G.[1]  Finding no error, we affirm.

**BACKGROUND**

*Allan's Arrest*

Allan was arrested on February 3, 2021, and subsequently criminally charged in connection with allegations that he physically abused G.G.[2]

*Original DVRO*

On March 15, 2021, G.G. obtained a one-year DVRO protecting her and her minor daughter from Allan.

*Request to Renew the DVRO*

On March 9, 2022, G.G. filed a request to renew the DVRO for a period of five years.  G.G. asserted that she was afraid of future abuse by Allan because he had "threatened [her] in the past, and assaulted [her] twice."  G.G. alleged that, since the issuance of the original DVRO, she had seen Allan drive past her work or home.  On July 21, 2021, Allan "was in his car, very close to [G.G.'s] home[.]"  As he passed G.G., Allan "stretched his middle finger" and "yelled at [G.G.] in a threatening manner."  G.G. feared retaliation from Allan.

---

[1]     "To protect personal privacy interests," we refer to the "protected person[] in [this] domestic violence-prevention proceeding[]" by her initials.  (Cal. Rules of Court, rule 8.90(b)(1).)

[2]     It is not clear from the record with which crime(s) Allan was charged.

*Diversion and Dismissal of Criminal Case*

The hearing on the DVRO renewal was continued several times because of the pending criminal case against Allan. In the interim, Allan completed a diversion program, and, on November 9, 2023, the criminal case was dismissed pursuant to Penal Code section 1001.9.

*DVRO Renewal Hearing*

The trial court heard G.G.'s renewal request on November 29, 2023.

Allan testified that he had completed 29 counseling sessions as part of his diversion program, during which he had "learned a lot about" himself and his family. When asked by the trial court about what he had learned regarding "[his] temper and holding it[,]" Allan responded, "more discussion[] skills, more empathy skills, understanding skills, listening skills."

G.G. testified that Allan had not "come near" her or attempted to contact her since the events leading up to the original DVRO. G.G. was "worried" about what Allan would do in the absence of a restraining order. She "had witnessed [Allan] hitting his ex-wife[.]" She stated, "I am grateful every day that I live in a place with a gate. I wouldn't be able to sleep if I didn't have gated housing."

*Trial Court Order*

At the conclusion of the hearing, the trial court granted the request to renew the DVRO for five years, finding G.G.'s "apprehension to be reasonable." The court explained: "[T]he legal standard here is reasonable apprehension. The court doesn't retry. The court is not determining what happened or didn't happen back then. Just looks at the allegations and looks at the fact that restraining orders were issued . . . ."

3

*Appeal*

Allan timely appealed from the trial court's order renewing the DVRO.

**DISCUSSION**

I. *Standards of Review*

Generally, "[t]he trial court's ruling on a request to renew a domestic violence prevention restraining order is reviewed for an abuse of discretion. [Citation.] An abuse of discretion occurs when the ruling exceeds the bounds of reason. [Citation.]" (*Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463.)

"'To the extent that we are called upon to review the trial court's factual findings, we apply a substantial evidence standard of review.' [Citation.]" (*In re Marriage of G.* (2017) 11 Cal.App.5th 773, 780.) Under this standard, "[o]ur sole inquiry is 'whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted,' supporting the court's finding. [Citation.] 'We must accept as true all evidence . . . tending to establish the correctness of the trial court's findings . . , resolving every conflict in favor of the judgment.' [Citation.]" (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822–823 (*Sabbah*).)

II. *Relevant Law*

The purpose of the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.)[3] "is to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) To effectuate this purpose,

---

[3]     All further statutory references are to the Family Code unless otherwise indicated.

4

a trial court may issue a DVRO upon a showing "to the satisfaction of the court, [of] reasonable proof of a past act or acts of abuse." (§ 6300, subd. (a).) The duration of an initial DVRO may not exceed five years, but it "may be renewed, upon the request of a party, either for five or more years, or permanently, at the discretion of the court, without a showing of further abuse since the issuance of the original order." (§ 6345, subd. (a).)

"The legal standard for renewal of a DVRO is whether the protected party entertains a reasonable apprehension of future abuse. [Citation.] '[T]his does not mean the court must find it is more likely than not that abuse will occur if the protective order is not renewed. It only means the evidence demonstrates it is more probable than not there is a sufficient risk of future abuse to find the protected party's apprehension genuine and reasonable.' [Citation.] An imminent and present danger of abuse is not required; there must only be a reasonable apprehension that 'abuse will occur at some time in the future if the protective order is allowed to expire.' [Citation.]" (*Michael M. v. Robin J.* (2023) 92 Cal.App.5th 170, 179 (*Michael M.*).)

"In evaluating whether the requesting party has a reasonable apprehension of future abuse, the trial court ordinarily should consider the evidence and findings on which the initial DVRO was based. [Citation.] '[T]he underlying findings and facts supporting that order often will be enough in themselves to provide the necessary proof to satisfy that test.' [Citation.] 'Also potentially relevant are any significant changes in the circumstances surrounding the events justifying the initial protective order. For instance, have the restrained and protected parties moved on with their lives so far that the opportunity and

5

likelihood of future abuse has diminished to the degree they no longer support a renewal of the order?' [Citation.] 'Also relevant are the seriousness and degree of risk, such as whether it involves potential physical abuse, and the burdens the protective order imposes on the restrained person, such as interference with job opportunities.' [Citation.]" (*Michael M.*, *supra*, 92 Cal.App.5th at p. 180.)

It is "unnecessary for the protected party to introduce or the court to consider actual acts of abuse the restrained party committed after the original order went into effect." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1284.)

III.  *Analysis*

Applying these legal principles, we conclude that the trial court acted well within its discretion in renewing the DVRO.  The record reflects that the court was aware of and applied the proper legal standards and that substantial evidence supports its finding that G.G. "entertain[ed] a reasonable apprehension of future abuse." (*Michael M.*, *supra*, 92 Cal.App.5th at p. 179.)

G.G. testified that she was presently afraid of Allan and of what he would do in the future in the absence of a restraining order.  In addition to her own experiences of abuse, G.G. testified that she "had witnessed [Allan] hitting his ex-wife[.]"  The court was entitled to believe and rely on this testimony, which by itself constitutes substantial evidence to support the ruling.  (See *Sabbah*, *supra*, 151 Cal.App.4th at p. 823 ["""it is the exclusive province of the [trier of fact] to determine the credibility of a witness . . . ."""]; see also *ibid.* ["The testimony of a single witness may provide sufficient evidence"].)

Allan urges reversal with two arguments.  Each is meritless.

6

First, Allan contends that the trial court misapplied the reasonable apprehension test by "repeatedly indicat[ing] that [G.G.]'s apprehension was *not* reasonable before deferring to her subjective state of mind when deciding to extend the DVRO." In support, Allan relies on various statements made by the court as it was questioning G.G. For example, the court noted that years had passed since Allan's acts of domestic violence and told G.G., "It's concerning to me separate and apart from anything other than the domestic violence. It's concerning to me that these incidents are still impacting you." The court also suggested that G.G. seek psychological assistance and not just rely on the DVRO.

None of these statements are "irreconcilable," as Allan argues, with the trial court's finding that G.G. entertained a reasonable apprehension of future abuse. The court merely adopted various questioning techniques to draw testimony from G.G. with which to assess her credibility and to evaluate the propriety of renewing the DVRO. We detect no abdication of the court's responsibility to determine the objective reasonableness of G.G.'s fear.

Second, Allan claims that, even if the trial court properly applied the reasonable apprehension test, it improperly "weighed the evidence" or simply "disregarded" it. This argument invites us to reweigh the evidence and to substitute our judgment for that of the trial court. We are precluded from doing so. (*M.S. v. A.S.* (2022) 76 Cal.App.5th 1139, 1145.) Having identified substantial evidence to support the finding of reasonable apprehension "it is of no consequence" that other evidence or inferences drawn from the evidence might have supported a

7

contrary finding.  (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 874, italics omitted.)

## DISPOSITION

The order is affirmed.  G.G. is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
RICHARDSON