Filed 12/22/16 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| BRIAN DRISCOLL et al., | H037662 |
| Plaintiffs and Appellants, | (Santa Clara County<br>Super. Ct. No. 1-08-CV103426) |
| v. | ORDER MODIFYING OPINION |
| GRANITE ROCK COMPANY, | NO CHANGE IN JUDGMENT |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed herein on November 30, 2-16, be modified as follows:

1. On the backing sheet, line 5, the word "Appellant" is changed to "Appellants".

2. On the backing sheet, starting on line 5 and ending on line 9, counsel for Plaintiffs and Appellants starting with "Littler Mendelson" is deleted and the following is inserted in its place:

Sohnen Law Office

Havey Sohnen
Patricia Kelley

Joseph Clapp

3.  On the backing sheet, starting on line 10 and ending on line 13, counsel for Defendant and Appellant starting with "Sohnen Law" is deleted and the following is inserted in its place:

Littler Mendelson

Garry G. Mathiason
Alan S. Levins
Allison S. Hightower
Laura E. Hayward

There is no change in the judgment.

Dated: _____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

Filed 11/30/16 (unmodified version)
**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| BRIAN DRISCOLL et al., | H037662 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. 1-08-CV103426) |
| v. | |
| GRANITE ROCK COMPANY, | |
| Defendant and Appellant. | |


Graniterock is a concrete company that manufactures, delivers and pours concrete. Its customers include home owners, private construction contractors, and contractors on large public works projects, such as schools, airport runways, and roads.

Concrete is delivered by Graniterock's concrete mixer drivers, who assist in loading the concrete into the mixer trucks, delivering the concrete to customers, and pouring the concrete at a construction site.

Graniterock concrete drivers Brian Driscoll, Kenneth Gallardo, Donald Hopf, Chris Nowak and Brad Storm filed this action on January 17, 2008 on behalf of a class of approximately 200 current and former concrete mixer drivers. Plaintiffs claim that Graniterock failed to provide concrete mixer drivers with off-duty meal periods and failed to provide them with one additional hour of pay for meal periods during which the drivers opted to continue working.

Plaintiffs sought restitution under Business and Professions Code section 17200, penalties under the Private Attorney General Act (*ibid.*) and damages and penalties under

Labor Code sections 226.7 and 512, subdivision (a). Plaintiffs' principal claim is that Graniterock failed to provide off-duty meal periods and/or failed to pay plaintiffs one additional hour of pay for duty-free meal periods.

The trial court granted class certification of approximately 200 concrete drivers employed by Graniterock on or after January 7, 2004. The court designated two subclasses, the first being defined as "All ready-mix concrete drivers employed by Granite Rock Company on or after January 17, 2004, who signed a Graniterock form entitled 'On Duty' Meal Period Agreement." The second subclass was defined as "All ready-mix concrete drivers employed [*sic*] Granite Rock Company on or after January 17, 2004, who either never signed a Granite Rock form entitled 'On Duty' Meal Period Agreement or who later provided a written notice purporting to revoke the Agreement."

The class action was tried without a jury, and the court returned a verdict in favor of Graniterock. The court found that Graniterock did not violate labor laws in its meal period policies.

### STATEMENT OF THE FACTS AND CASE

The concrete that Granitrock produces is a perishable product that cannot be stored. It is mixture of rock, sand and cement. When water is added to the mixture, it creates a chemical reaction that causes the mixture to harden. For this reason, when there is concrete in the drum of a mixer truck, the drum must rotate at all times to prevent hardening. In addition, freshly batched concrete must be poured within 60-90 minutes to ensure its structural integrity. One of the duties of the concrete mixer drivers is to monitor the rotation of the truck drum.

Graniterock provided its concrete mixer drivers with the option of signing an on-duty meal period agreement pursuant to Industrial Wage Commission (IWC) Wage Order No. 1, which states: "when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid

2

meal period is agreed to." (IWC wage order No. 1-2001, subd. 11(C).) IWC Wage Order 1 requires that such agreement must be revocable by the employee at any time. (*Ibid.*)

The On-Duty Meal Period Agreement that was provided to and signed by plaintiffs provides: "I understand that I may revoke this Waiver Agreement at any time by providing at least one (1) working day's advance notice to my Manager of my decision." Graniterock represented at trial that one day's notice was the shortest amount of time for it to process a revocation of the agreement and provide an off-duty meal period.

Graniterock also advised the concrete drivers that if they did not sign an On-Duty Meal Period Agreement and were asked to work through a meal, they would receive one hour of special pay called "Code 38 Pay, in addition to any pay required by the collective bargaining agreements." Code 38 pay equaled one hour of pay.

All concrete drivers acknowledged receiving and reviewing this policy. Drivers were also notified of their right to a 30-minute, off-duty meal period through IWC Wage Order and other mandatory state and federal postings at each Graniterock branch. The drivers testified that they understood that they could revoke the On-Duty Meal Period Agreement at any time. The evidence at trial showed that only three Graniterock drivers revoked their On-Duty Meal Period Agreement, and each of those drivers received an off-duty meal period and Code 38 pay.

Prior to trial, plaintiffs brought a motion for summary adjudication of Graniterock's affirmative defense of the existence of the On-Duty Meal Period Agreement. The court found that the one-day notice provision contained in the On-Duty Meal Period Agreement failed to satisfy the requirement in Wage Order 1, Section 11(C) that the Agreement allow employees to revoke the agreement at any time. Because the agreement was not legally compliant in its revocation provision, the court found the agreement invalid as a matter of law.

Following trial, the Court found that "Plaintiffs failed to prove that the drivers were forced, expected, or trained to involuntarily sign [On-Duty Meal Period Agreements] or to miss off-duty meal periods against their will." The court noted that "numerous drivers testified that despite signing an [On-Duty Meal Period Agreement], they understood that they could get a meal at any time without revoking their [On-Duty Meal Period Agreement]. For [example], [driver] Bruce Nicholson understood he could ask for an off-duty meal at any time because it was in the Handbook and 'it was told to us.' Kelly Sohns knew she could ask for time off without revoking her [On-Duty Meal Period Agreement]. Brian Sheridan testified that 'anytime we want lunch all we have to do is ask for it.' Richard Walrod knew he could have asked for lunch off on the same day, but chose not to.' "

Following consideration of the evidence at trial, including the testimony of numerous concrete mixer drivers and dispatchers, the court concluded that plaintiffs had not proven that Graniterock forced any driver to forgo an off-duty meal period. The court stated: "Graniterock has affirmatively notified its employees that they are entitled to a 30-minute off-duty meal period free from its control through its policies, postings and communications. Graniterock did nothing to interfere with drivers' ability to take an off-duty meal period. Rather, drivers did not take off-duty meal periods because they did not want them. No one went hungry—they ate during their downtime. While dispatchers did not ask each employee every day whether s/he wanted an off-duty meal period, every driver stated that if asked s/he would say s/he did not want one. The law does not require that the dispatchers ask each day because that would be an exercise in futility." The court further found that "Plaintiffs failed to prove that the drivers were forced, expected, or trained to involuntarily sign [On-Duty Meal Period Agreements] or to miss off-duty meal periods against their will."

The trial court entered judgment in favor of Graniterock and plaintiffs filed this appeal. In addition, Graniterock filed a cross-appeal of the trial court's grant of

4

plaintiffs' motion for summary adjudication of Graniterock's affirmative defense related to the On-Duty Meal Period Agreement.

**DISCUSSION**

With regard to the primary appeal, plaintiffs argue that the trial court erred when it found that Graniterock provided off-duty meal periods in compliance with Labor Code[1] sections 226.7 and 512, subdivision (a).

In the cross-appeal, Graniterock argues that the trial court erred when it granted plaintiffs' motion for summary adjudication of Graniterock's affirmative defense related to the On-Duty Meal Period Agreement.

## *Plaintiffs' Appeal*

Plaintiffs raise two distinct arguments on appeal. First, plaintiffs argue as they did in the trial court that Granitetock failed to meet its legal obligation to provide a 30-minute duty-free lunch period to its concrete mixer drivers. In addition, plaintiffs assert a new argument on appeal that Graniterock offered illegal financial incentives to induce its mixer drivers to forgo their duty-free meal period in lieu of increased pay.

### *Standard of Review*

"The trial court's factual findings . . . are subject to limited appellate review and will not be disturbed if supported by substantial evidence." (*Williams v. Saunders* (1997) 55 Cal.App.4th 1158, 1162.) "When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination." (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874, original emphasis omitted.) As long as there is substantial evidence, the appellate court must affirm, even if the reviewing justices personally would have ruled differently if they had

---

[1] All unspecified statutory references are to the Labor Code.

5

presided over the proceedings below and even if other substantial evidence supports a different result. (*Id*. at p. 874.)

An appellate court is "not in a position to weigh any conflicts or disputes in the evidence. Even if different inferences can reasonably be drawn from the evidence, [the appellate court] may not substitute [its] own inferences or deductions for those of the trial court. [Its] authority begins and ends with a determination of whether, on the entire record, there is any substantial evidence, contradicted or uncontradicted, which will support the judgment. [Citations.] Therefore, we must consider all of the evidence in the light most favorable to the prevailing party, giving that party the benefit of every reasonable inference from the evidence tending to establish the correctness of the trial court's decision, and resolving conflicts in support of the trial court's decision." (*Estate of Beard* (1999) 71 Cal.App.4th 753, 778-779.) Under the substantial evidence standard, the appellate court will not reweigh the evidence. That function belongs exclusively to the trier of fact (the trial judge in cases such as this that are tried to the court). (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479.)

Contrary to plaintiffs' argument, *de novo* review is not the proper standard in this case. The underlying facts were the subject of significant dispute at trial, and we must review this case to determine whether substantial evidence supports the trial court's factual findings. (*SFPP, L.P.* v. *Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 462.)

### *Failure to Provide Duty-Free Meal Period*

Plaintiffs argue that the judgment should be reversed because Graniterock did not provide its concerted mixer drivers with a 30-minute off-duty meal period as required by law, and Graniterock illegally induced drivers to take on-duty meal periods by providing them financial incentives to do so.

California law governing wages and working conditions is embodied, to a large extent, in section 1171 et seq. and the regulations (wage orders) promulgated by IWC.

6

Section 226.7, subdivision (b) states: "An employer shall not require an employee to work during any meal or rest . . . period mandated pursuant to an applicable. . . order of the Industrial Welfare Commission." Section 512, subdivision (a) states that employers must provide employees with meal breaks of not less than 30 minutes if they work shifts of more than five hours per day and a second 30–minute meal break if they work shifts longer than 10 hours per day.

An employer that fails to provide an employee with a meal or rest period in accordance with a state law or applicable regulation or order of, *inter alia,* the IWC, must pay the employee an additional hour of pay for each workday the meal period is not provided. (§ 226.7, subd. (c); *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094; see IWC wage order No. 4, subd. 11(B).)

Plaintiffs argue that the trial court's conclusion that Graniterock provided its concrete mixer drivers a 30-minute duty-free lunch break, and as a result, was not required to pay its employees an extra hour of pay as required by law, is inconsistent with the rationale in *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004 (*Brinker*). In *Brinker*, nonexempt employees in restaurants owned by Brinker Corporation brought a class action asserting numerous wage and hour claims. One such claim was related to the employer's obligations to provide meal periods for its employees that complied with labor laws. In particular, the employees asserted that Brinker failed to provide them the meal breaks, or premium wages in lieu of meal breaks, required by law. (See § 226.7 )

The *Brinker* court found that "[a]n employer's duty with respect to meal breaks under both Section 512, subdivision (a) and Wage Order No. 5 is an obligation to provide a meal period to its employees. The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so. What will suffice may vary from industry to industry,

7

and we cannot in the context of this class certification proceeding delineate the full range of approaches that in each instance might be sufficient to satisfy the law." (*Brinker, supra,* 53 Cal.4th at p. 1040.)

"On the other hand, the employer is not obligated to police meal breaks and ensure no work thereafter is performed. Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations and create liability for premium pay under Wage Order No. 5, subdivision 11(B) and Labor Code section 226.7, subdivision [(c)]." (*Brinker*, *supra*, 53 Cal.4th at pp. 1040-1041.)

Plaintiffs assert that Graniterock did not provide its mixer drivers with an off-duty meal period, because it did not "relieve [them from] all duty and relinquish any employer control over [them] and how [they] spend their time." (*Brinker*, 53 Cal.4th at pp. 1038-1039.) Plaintiffs further argue that Graniterock's policy of making an off-duty meal period available to its employees at their election was not enough to satisfy its legal obligation.

Here, the court considered all of the evidence presented at trial and concluded that Graniterock provided its concrete mixer drivers with an off-duty lunch period that was compliant with the law. The evidence at trial demonstrated that Graniterock's employees received a legally compliant Employee Handbook that contained information about the availability and right to a 30-minute off-duty meal period, and the concrete mixer drivers acknowledged that they had reviewed the policy. In addition, the evidence showed that Graniterock had posted the applicable Wage Order advising employees of their right to meal periods since 2000.

There was no evidence at trial that any mixer driver was ever denied an off-duty meal period when he or she requested it. The evidence showed that any concrete mixer driver who did not sign an On-Duty Meal Period Agreement, or revoked such agreement was provided one hour of pay as required by law. The court further found that because

8

concrete mixer drivers were aware of their rights and exercised those rights in requesting and always receiving off-duty meals when they wanted them, Graniterock had met its legal obligation with regard to meal periods.

In addition to the testimony of the concrete mixer drivers regarding off-duty lunch requests, the court considered the testimony of Graniterock dispatchers who received such requests. Dispatcher Patty Carter testified that concrete mixer drivers told her that they preferred to continue working rather than take an off-duty lunch because they considered the off-duty lunch as a form of "punishment." Dispatcher Ed Yancy testified that concrete mixer drivers pleaded with him to instead be allowed to go home early, or to "help the batch man," "help . . . in the shop," to shovel debris, or "anything that needs to be done rather than take their lunch." Dispatcher Terri Galvin testified that when she told her concrete mixer drivers to take off-duty meals, "they [would] get angry with me." Dispatcher David Fontes testified that mixer drivers would denote "no lunch" on their timecards with a "happy face" symbol.

It is important to note that that Graniterock's policies regarding meal periods are particularly appropriate in the context of the ready mix concrete industry. As the court noted in *Brinker*, "[w]hat [off-duty meal practices that] will suffice may vary from industry to industry, and we cannot in the context of this class certification proceeding delineate the full range of approaches that in each instance might be sufficient to satisfy the law." (*Brinker,* 53 Cal.4th at pp. 1038-1039.) We will interpret *Brinker* with the special circumstances found by the trial court. We mean by that that the issue of different industry practices is a factual determination. Here, while on the job, mixer drivers manage a rolling drum of freshly batched concrete at any given time throughout their work day. When a driver is able to take a duty-free lunch period is dependent on the state of the concrete in his or her truck, and the nature of the construction job to which the driver is attending.

9

The trial court noted that the nature of the concrete mixing and delivering industry made the scheduling of off-duty meal periods in advance nearly impossible. The law is clear that an employer is not required to schedule meal periods in order to comply with their legal meal-period obligations. *(Kenny v. Supercuts, Inc.* (N.D. Cal. 2008) 252 F.R.D. 641, 646). Moreover, an employer is not required to guarantee or ensure that an employee take a 30-minute off-duty meal period. Rather, as set forth in *Brinker*, the employer's duty is to provide a 30 minute off-duty lunch period that is free from an employer's control. (*Brinker*, *supra*, 53 Cal.4th at pp. 1040-1041.)

Plaintiffs argue that the trial courts' finding that "Graniterock is only required to relieve from its control those drivers who elected to take an off-duty meal period" demonstrates that it held Graniterock to a lower standard than set forth in *Brinker*, which held that in order to satisfy the requirements of section 512, subdivision (a) and Wage Order No. 5, an employer must "relieve[] its employees of all duty," therefore violating the holding of *Brinker*. (*Brinker*, *supra*, 53 Cal.4th at pp. 1040-1041.) However, the court prefaced this finding with the statement, "[w]hether an employee was *provided the opportunity* to take an off-duty meal in which the employer relinquishes all control is a separate issue from whether an employee who decided to work during his meal period and/or was under the employer's control was paid for that time." The court found that when a concrete-mixer driver requested to have an off-duty meal period, Graniterock granted that request, and relinquished all control of the employee for the 30-minute off-duty period. This satisfies the requirement as set forth in *Brinker*.

Plaintiffs argue that Graniterock's policies actually require its employees to waive a minimum labor standard of an off-duty meal period. However, the trial court specifically found that the employees were not required to waive an unwaivable right; rather, mixer drivers were given the opportunity to take an off-duty meal period each day, and could freely choose to take or not take such meal period. Graniterock's policy of

10

providing an off-duty lunch period, and allowing its employees to choose to take such period at their discretion is consistent with the holding of *Brinker*.

## *Illegal Financial Incentives*

Plaintiffs argue for the first time on appeal that Graniterock violated labor laws by providing illegal financial incentives to its employees to work through their lunch period. Plaintiffs contend that despite the fact that it did not raise this issue at trial, it may argue it in this court because "the existence of [financial] incentives is essentially factual," and the question of whether those incentives illegally induced mixer drivers to work through their lunch period is a question of law that may be considered for the first time on appeal.

Plaintiff is correct that the existence of financial incentives is factual, and that is precisely why we will not consider the new argument on appeal. The facts of this case, including the various reasons that drivers chose to work through lunch, were highly contested. Issues that are dependent on disputed facts may not be argued for the first time in the appellate court. " 'The rule is well settled that the theory upon which a case is tried must be adhered to on appeal. A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant. [Citations].' " (*Richmond* v. *Dart Industries, Inc.* (1987) 196 Cal.App.3d 869, 874.)

Here, plaintiffs did not argue at trial that Graniterock provided illegal financial incentives to induce the mixer drivers to forgo their off-duty meal period. As a result, Graniterock did not have notice of the issue, nor did it argue or present evidence specifically addressing the issue. Plaintiffs are precluded from raising this argument for the first time on appeal. We note that even if plaintiffs were to make this argument on appeal, there is no undisputed evidence in the record to support a claim that financial incentives were used to induce drivers to forgo an off-duty meal period.

11

*Conclusion*

The trial court properly entered judgment in favor of Graniterock.**²** There was substantial evidence presented at trial to support the trial court's finding that Graniterock provided its concrete mixer drivers with an off-duty meal period as required by law.

***Graniterock's Cross-Appeal***

Graniterock brings a cross-appeal of the trial court's grant of plaintiffs' motion for summary adjudication of its affirmative defense regarding the On-Duty Meal Period Agreement. The cross-appeal was brought for this court to consider the issue in the event we reversed the judgment. Because we affirm the judgment, we dismiss the cross-appeal as moot.

**DISPOSITION**

As to Plaintiffs' appeal, the judgment is affirmed.

Graniterock's cross-appeal is dismissed as moot.

Costs are awarded to Graniterock.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

---

**²** Because we find that the trial court properly found that Graniterock was not liable for violations of the Labor Code, we do not consider plaintiffs' additional argument regarding damages.

Trial Court:                                     Santa Clara County Superior Court
Superior Court No.: 1-08-CV103426

Trial Judge:                                   The Honorable James P. Kleinberg
The Honorable Joseph Huber

Attorneys for Plaintiffs and Appellant        Littler Mendelson
Brian Driscoll et al.

                                                     Garry G. Mathiason
Alan S. Levins
Alison S. Hightower
Laura E. Hayward

Attorneys for Defendant Appellant           Sohnen Law Offices
Granite Rock Company:

                                                     Harvey Sohnen
Patricia Kelly

                                                     Joseph Clapp