Filed 5/20/26  P. v. Alejandre CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GUSTAVO ALEJANDRE,<br><br>    Defendant and Appellant. | 2d Crim. No. B344788<br>(Super. Ct. No. NA097123)<br>(Los Angeles County) |

Gustavo Alejandre appeals an order denying his request to strike a firearm enhancement following a resentencing hearing. He contends the trial court misapplied Penal Code[1] section 1385, subdivision (c) by failing to evaluate his projected level of danger to the public in the future at the time of his earliest parole date. We remand for the limited purpose of vacating the restitution fine but otherwise affirm the judgment.

_____

    [1] All statutory references are to the Penal Code unless otherwise stated.

FACTUAL AND PROCEDURAL HISTORY

Alejandre shot and killed a rival gang member, Jesus Escapite, on October 7, 2013.  Escapite was walking down the street with a companion in an area claimed by both gangs. Alejandre stopped his car when he saw Escapite, got out, and shot him.  Escapite fell to the ground after being shot.  Alejandre then shot him four or five more times as he lay on the ground. (*People v. Alejandre* (July 27, 2016, B262253) [nonpub. opn.].)

The jury convicted Alejandre of first-degree murder and possession of a firearm by a felon.  The jury also found true allegations that he personally discharged a firearm resulting in death and committed the offenses for a criminal street gang. Finally, the jury found Alejandre had served a prior prison term.

The trial court sentenced Alejandre to an aggregate prison term of 51 years to life.  Specifically, the court sentenced him to 25 years to life on the murder count, plus a consecutive term of 25 years for the firearm enhancement and an additional one year for the prison prior.  The court stayed the sentence on the gang enhancement and firearm possession under section 654.  The court also imposed a $10,000 restitution fine under section 1202.4, subdivision (b).  The judgment was affirmed on direct appeal.  (*People v. Alejandre*, *supra*, B262253.)

On January 28, 2025, the trial court held a full resentencing hearing pursuant to Alejandre's section 1172.75 request.  The court vacated the one-year prison prior and struck the gang enhancement but declined to strike the 25-year firearm enhancement.

The trial court explained its decision not to strike the firearm enhancement as follows:

2

"I do not find it in the interests of justice and, in fact, I find that, based on the facts of this case and the facts of his current rehabilitation that has been presented to me, to be inadequate to overcome the evidence that he would be a – it would – by running it concurrently or striking it, it would be contrary to public safety and not in the interests of justice, and therefore I am not doing that."

The trial court sentenced Alejandre to 50 years to life – 25 years to life for the murder conviction and an additional 25 years for the firearm enhancement (with a concurrent two years for the felon in possession conviction). The amended abstract of judgment listed the same $10,000 restitution fine and the same number of custody credits as in the original abstract of judgment.

Alejandre filed a timely notice of appeal.

DISCUSSION

Alejandre contends the trial court misapplied section 1385's public safety standard in deciding not to strike the firearm enhancement. He argues that the court focused on whether he currently is a public safety threat rather than assessing whether, looking forward, the public would be endangered if he were paroled 25 years earlier (i.e. in 25 years to life rather than in 50 years to life) if the enhancement was stricken. Alejandre also contends the court failed to award all his custody credits at the time of resentencing. Finally, he argues that the $10,000 restitution fine should be vacated under section 1465.9, subdivision (d), because the fine is more than 10 years old.

The People counter that Alejandre forfeited his argument regarding the misapplication of section 1385 by failing to raise it below and, in any event, the trial court correctly applied the public safety standard in refusing to strike the firearm

3

enhancement. The People agree that custody credits need to be modified and the restitution fine should be vacated.

*Section 1385*

The state legislature amended section 1385, effective January 2022. (Stats. 2021, ch. 721, § 1.) Section 1385, subdivision (c), provides in pertinent part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so . . . "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

A finding that dismissal of enhancements would endanger public safety relieves the trial court of its obligation to consider the mitigating circumstances listed in section 1385, subdivision (c)(2). (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 297.)

As an initial matter, it is not clear from the record which of the mitigating factors listed in section 1385 (c)(2)(A) through (I) triggered the trial court's public safety analysis. In his opening brief on appeal, Alejandre argues that his youth at the time of the offense (he was 25 years old) is a "strong mitigating factor." He cites California Rules of Court, rule 4.423, subdivision (b)(6) as support.[2] That he was 25 at the time he committed the crime,

_____

[2] California Rules of Court, rule 4.423, subdivision (b) lists mitigating factors to be used in the selection of a prison term

4

however, is not an enumerated mitigating circumstance in section 1385.  Since the People concede this issue, we begin with their claim of forfeiture.

*Forfeiture*

We conclude that Alejandre forfeited his objection to the trial court's application of the public safety standard by not raising it below.

Under the doctrine of forfeiture, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal."  (*People v. Scott* (1994) 9 Cal.4th 331, 356.)  "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing."  (*Id.*, at p. 353.)

Here, Alejandre did not argue to the trial court that the public safety analysis is "forward looking" – either in his resentencing brief, or at the hearing when the court announced its decision.  Indeed, in his resentencing brief, Alejandre simply asked the court generally to exercise its discretion under section 1385.  There was no discussion of a mitigating circumstance or any public safety argument.  At the hearing, Alejandre's counsel again asked the court to exercise its discretion to strike the enhancement and she mentioned Alejandre's age at the time of the crime, but there was no discussion of public safety.  The trial court engaged in that analysis on its own and Alejandre's counsel

---

from the triad in a determinate term sentencing scheme.  It does not address dismissal of a prior in the interests of justice under section 1385.

did not object or even address the court again after the court announced its decision.

"[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been made but was not made in the trial court." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*Ibid.*)

Nevertheless, we exercise our discretion to reach the merits of Alejandre's appeal and address the trial court's public safety decision below.

*Public Safety Decision*

We review the trial court's determination that dismissal of Alejandre's firearm enhancement would endanger public safety for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) "[A]n abuse of discretion arises if the trial court based its decision on impermissible factors . . . or on an incorrect legal standard." (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

When the record is silent, the court is presumed aware of the applicable law. (*People v. Lee* (2017) 16 Cal.App.5th 861, 866-867; *People v. Brown* (2007) 147 Cal.App.4th 1213; 1228.) Moreover, " ' "[a]ll intendments and presumptions are indulged to support [a judgment or order of the trial court] on matters as to which the record is silent, and error must be affirmatively shown." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 666 (*Giordano*).)

In deciding whether dismissing the firearm enhancement would endanger the public under section 1385, subdivision (c), the court must focus on public safety at the time the defendant will be released from prison. (*People v. Gonzalez* (2024) 103

Cal.App.5th 215, 228-229 (*Gonzalez*).) This is a "forward-looking" assessment. The trial court must also take into consideration whether, as here, the Board of Parole will eventually be required to consider whether the public will be endangered by defendant's release. (*Ibid.*) A reduced sentence will "[pose] significantly less danger to society if it is contingent on a finding at some future date that the defendant no longer poses a threat to society." (*People v. Williams* (2018) 19 Cal.App.5th 1057, 1063-1064.)

In *Gonzalez*, the Court of Appeal held "the trial court erred because it considered only whether [defendant] currently posed a danger to the public when assessing if a dismissal of the firearm enhancement would 'endanger public safety.' (§ 1385, subd. (c)(2).) In light of [defendant's] sentence of 50 years to life for the murder conviction, the trial court also should have considered the date on which [defendant] could be released if the firearm enhancement was dismissed and the fact that the release would be subject to a review by the Board of Parole Hearings and the Governor." (*Gonzalez*, at pp. 230-231, italics omitted.)

*Gonzalez* is distinguishable. Here, the trial court did not expressly limit its reasoning to Alejandre's current or past dangerousness. We must presume it considered the length of Alejandre's sentence in making its determination as there is nothing in the record that establishes it did not. (*Giordano*, *supra*, 42 Cal.4th at p. 666.)

The trial court explained simply, "I find that, based on the facts of this case and the facts of his current rehabilitation that has been presented to me, to be inadequate to overcome the evidence that . . . striking it, it would be contrary to public safety . . . ." One reasonable reading of the court's explanation is that it was concerned by the brutality of the crime and

Alejandre's lack of significant rehabilitation after spending nearly 10 years in custody.  Without an established trajectory of rehabilitation, looking forward to a parole date in 15 years instead of 40 years raised a public safety concern.

The court was not required to state what time period it was considering in deciding whether to dismiss the enhancement.  Indeed, if a trial court declines to dismiss an enhancement, it is not mandated to use *any* "particular language" in doing so.  (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157.)  "We assume the trial court was aware of and followed applicable law."  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724.)

*Custody Credits*

When a defendant is resentenced, "the sentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody."  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, italics omitted.)  However, "[n]o appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the calculation of presentence custody credits upon the defendant's request for correction."  (§ 1237.1)

Accordingly, we decline to rule on the validity of Alejandre's custody credit argument until he first raises the issue with the trial court.

*Restitution Fine*

The $10,000 restitution fine, imposed on February 19, 2025, is now more than 10 years old and should be vacated under section 1465.9, subdivision (d).

DISPOSITION

The matter is remanded for the trial court to vacate the restitution fine and to amend the abstract of judgment accordingly. The trial court shall forward a copy of the amended abstract to the California Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.

VAN ROOYEN, J.[*]

We concur:

YEGAN, Acting P. J.

CODY, J.

---

[*] Judge of the San Luis Obispo County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution

James D. Otto, Judge

Superior Court County of Los Angeles
_____

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Nicholas J. Wester and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.